859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlos MERCADO, Plaintiff-Appellant,
v.
INDUSTRIAL TRAINING CORPORATION, Defendant-Appellee.
 No. 88-3930.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1988.
Decided Sept. 12, 1988.
 
 Herbert A. Terrell (Nathaniel H. Speights, Speights & Michael on brief) for appellant.
 David M. Dorsen (Sachs, Greenbaum & Tayler on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and DONALD RUSSELL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Carlos Mercado sought redress for the termination of his employment with defendant Industrial Training Corporation (ITC) under various theories. The district court denied ITC's motion for summary judgment on Mercado's breach of contract count, but granted partial summary judgment in favor of ITC on Mercado's claims of wrongful discharge, "reliance and unjust enrichment," breach of an implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation.[1] Mercado appeals, but we see no merit in his several contentions. We therefore affirm the entry of partial summary judgment.
 
 I.
 
 2
 In his complaint, Mercado alleged that he was guaranteed employment through the end of 1985 by ITC. In deposition, Mercado testified that ITC president James Walton informed Mercado on September 4, 1985, that his job was being terminated immediately and gave Mercado a check for his services. Mercado testified that when he asked "What about the rest? ... I've got an agreement here," Walton responded, "Well, that is not going to be," id. Mercado stated that he did not pursue the argument with Walton. "He made that decision, I told him how I felt about it, he wanted no more of it, he wouldn't hear anymore of it. I went."
 
 
 3
 Walton testified in deposition that he decided to close down ITC's international operations division, in which Mercado worked, because of its high expenses and low profits. He stated that he gave a $4,000 check to Mercado when he discharged him because "[t]hat money represented the end of an argument or discussion between him and me ... [and was] what I believed was the satisfactory resolution of his claims." Walton also testified that when ITC was considering entering a line of business involving international sales of certain licenses, it contacted Mercado in October of 1986 concerning possible reemployment.
 
 II.
 
 4
 The district court dismissed Mercado's wrongful discharge count based on Mercado's failure to demonstrate that his termination was in violation of the public policy of the state. See Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464 (1981). The district court correctly applied Maryland law.
 
 
 5
 The district court also properly dismissed plaintiff's claim for "reliance and unjust enrichment" because the plaintiff failed to demonstrate that these measures of damages constituted a cause of action under Maryland state law.
 
 
 6
 The district court entered summary judgment in favor of ITC on Mercado's count of breach of an implied covenant of fair dealing and good faith, reasoning that Maryland does not "independently impose such a covenant upon an employment relationship." To do so would "confer a protected status upon at will employees far beyond that envisioned by the decision of the Maryland Court of Appeals in Adler...."[2] We agree. Moreover, as the district court noted, Mercado's fair dealing and good faith arguments were not necessarily foreclosed by its ruling; if, in the trial of the claim for breach of an employment contract, the jury finds that an employment contract existed between Mercado and ITC, breach of an implied covenant of good faith would be subsumed under general principles of contract law applicable to that contract.
 
 
 7
 The district court entered summary judgment against Mercado on his fraud and negligent misrepresentation counts, ruling that Mercado had failed to present evidence to establish a genuine dispute as to an issue of material fact as to whether ITC intended to defraud Mercado or whether it made any statement when offering Mercado a job which was false when made.
 
 
 8
 We agree with the district court that Mercado has not carried his burden of adducing evidence from which a reasonable jury could conclude that he was fraudulently induced to enter into the contract. We also do not think that he adduced evidence to show that the alleged contract itself contained false representations. See Call v. Carl, Inc. v. BP Oil Corp., 554 F.2d 623, 631 (4 Cir.1977).
 
 
 9
 The various facets of Mercado's negligent misrepresentation claim--concerning compensation, continued employment, and job performance evaluations--also do not fulfill the requirements for a proper claim of fraud or negligent misrepresentation under Maryland law. Agreements concerning compensation and continued employment are contractual provisions which, if breached, give rise to a claim for breach of contract. They are not misrepresentations of past or present fact giving rise to liability under Maryland tort law. See Weisman v. Connors, 312 Md. 428, 540 A.2d 783, 790-95 (1988) (negligent misrepresentation involves a false statement as to a past or present fact with intent that plaintiff act upon it).[3] Similarly, Mercado's argument concerning a favorable job performance evaluation ITC gave him shortly before he was discharged is not supported by evidence that the evaluation was false when made.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The court certified its ruling as final. See F.R.Civ.P. 54(b)
 
 
 [2]
 In Adler, the Maryland Court of Appeals held that no cause of action for abusive discharge exists under Maryland state law if the discharge is not in violation of some public policy
 
 
 [3]
 Even if the alleged contractual promises were regarded as ITC's statement of present intention as to matters within its control and thus a basis for a claim of negligent misrepresentation, see id. at 796, there is no genuine dispute as to the veracity of ITC's statement of present intention